UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSE FABIO MONTANO,**

    **Petitioner,**

v.                                        **Case No: 8:20-cv-2873-RAL-AAS**
                                                               **8:16-cr-56-RAL-AAS**

**UNITED STATES OF AMERICA,**

    **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

Petitioner Jose Fabio Montano moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Civ. Doc. 1).[1] The United States opposes the motion. (Civ. Doc. 5). After considering the parties' submissions along with the record in Montano's criminal proceedings, the undersigned recommends Montano's section 2255 motion be **DENIED**.

**I.  BACKGROUND**

On February 11, 2016, Montano and two codefendants were indicted in

---

[1] References to filings in criminal case number 8:16-cr-56-RAL-AAS are cited as "Doc. [document number]." References to filings in this civil case are cited as "Civ. Doc. [document number]."

1

the Middle District of Florida for violating 46 U.S.C. §§ 70503(a), 70506(a) and (b) (count one) and 46 U.S.C. §§ 70503(a), 70506(a) (count two). (Doc. 1). On April 21, 2016, Montano pleaded guilty to count one under a plea agreement. (Docs. 31, 35). The plea agreement contained an appeal waiver provision. (Doc. 31, pp. 15-16).

On July 8, 2016, a Final Pre-Sentence Investigation Report (PSR) was issued. (Doc. 44). The PSR stated that the advisory guidelines range for Montano's offenses was 135-168 months, with a minimum mandatory term of incarceration of ten years. (*Id.*, ¶¶ 83, 84). The PSR also included facts that Montano gave a post-*Miranda* interview in which he admitted being hired to transport drugs and that he jettisoned the bales of cocaine when the United States authorities approached their boat. (*Id.* at ¶ 14).

On July 15, 2016, the court sentenced Montano to a term of incarceration of 135 months. (Doc. 59). The court denied Montano's request for a downward variance and advised Montano of his right to appeal. (Doc. 55, p. 2). Montano did not file a notice of appeal.

On December 3, 2020, Montano moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Civ. Doc. 1). The United States opposes the motion. (Civ. Doc. 5).

## II.   DISCUSSION

### A.   Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). Collateral review does not replace direct appeal, and therefore the grounds for collateral attack on final judgments under section 2255 are limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C.§ 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.   Timeliness

Section 2255 allows a prisoner one year to move for relief from his conviction and sentence. The one-year period runs from the latest of:

(1)   the date on which the judgment of conviction becomes final;

3

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Montano does not claim an impediment prevented him from timely filing as required by section 2255(f)(2) and he cites no "newly recognized" right made retroactive by the Supreme Court as required by section 2255(f)(3). (*See* Doc. 2). Thus, sections 2255(f)(1) and (f)(4) apply.

Montano's judgment of conviction became final on July 30, 2016, when his time for filing a direct appeal had passed. Fed. R. App. P. 4(b)(A) (requiring the defendant to file notice of appeal within fourteen days of judgment). The year allowed to Montano to timely file a section 2255 motion expired on July 30, 2017. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (a conviction not appealed becomes final when the time allowed for filing an appeal expires). Montano filed his section 2255 motion on December 3, 2020.

4

(Civ. Doc. 1). Thus, this action is time-barred.

## C. Ineffective Assistance of Counsel

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either prong. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, the court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689). To establish prejudice, the defendant must show that, but for counsel's deficient performance, the

5

outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Montano requests permission to file this motion out of time because he thought his attorney had filed a notice of appeal. (Civ. Doc. 2, pp. 3-4). Failure to file a *requested* notice of appeal is per se ineffective assistance of counsel, no matter if the appeal would have had merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 483-86 (2000) (emphasis added). Prejudice is presumed because the petitioner is denied the opportunity for a proceeding. *Id.* at 483. However, "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* at 477.

Counsel does not have to always consult with a defendant about an appeal. Instead, counsel must consult with a defendant about an appeal if there is a reason to think either: (1) that a rational defendant would want to appeal; or (2) that the defendant conveyed to counsel he was interested in appealing. *Id.* at 480. If one of those conditions is met, counsel must inform a defendant about his right to appeal, the advantages and disadvantages of taking an appeal, and make a reasonable effort to determine whether the defendant wants to pursue an appeal, regardless of the merits of such an

6

appeal. *Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007).

Montano does not allege he asked his counsel to file a notice of appeal. In addition, Montano waived his right to appeal except for these grounds:

> (a) the ground of sentencing exceeds the defendant's applicable range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; and (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Doc. 31, pp. 15-16) (emphasis in original).

The court sentenced Montano at the bottom of the guideline range after he pleaded guilty. In addition, Montano's sentence did not exceed the statutory maximum penalty. *See Devine v. United States*, 520 F.3d 1286 (11th Cir. 2008) (finding counsel had no affirmative duty to consult with the defendant about an appeal where the court sentenced the defendant at the bottom of the guideline range after pleading guilty and waiving his right to appeal); *Otero v. United States*, 499 F.3d 1267 (11th Cir. 2007) (defendant who received low end of guideline range and had not expressed desire to appeal failed to show prejudice). Further, the court cannot find, and Montano did not raise any argument that his sentence violates the Eight Amendment. Finally, the United

7

States did not exercise its right to appeal Montano's sentence. Thus, none of the limited circumstances under which Montano could have appealed are present here and so there is no reason to think that Montano, a rational defendant, would want to appeal. Thus, neither of the conditions outlined in *Flores-Ortega* applies and counsel did not have to consult with Montano about an appeal. Montano's ineffective assistance of counsel claim for failure to file an appeal fails.

Montano also argues his counsel should have challenged the United States' jurisdiction. (Civ. Doc. 2, p. 6). The Department of State Certification specifically refutes this claim. (Doc. 27-1); *see United States v. Hernandez*, 864 F.3d 1292, 1200 (11th Cir. 2017). Thus, Montano's argument that the court lacks jurisdiction is meritless.

### D.   Right to Counsel

Montano argues the United States violated his right to counsel. (Civ. Doc. 2, pp. 8-9). The record consistently shows that counsel represented Montano. (*See* Docs. 5, 18, 31, 35, 52). Thus, Montano's argument he was deprived the right to counsel is meritless.

### E.   Evidentiary Hearing

"An evidentiary hearing is not required" simply because a "petitioner

asserts a claim of ineffective assistance under section 2255." *Gordon v. United States*, 518 F.3d 1291, 1299 (11th Cir. 2008). Rather, a district court must "grant a prompt hearing" under section 2255(b) only if the petitioner alleges specific facts that would entitle him to relief if proven. 28 U.S.C. § 2255(b). If a petitioner provides only "conclusory allegations unsupported by specifics" to support his claim, a hearing is unnecessary. *Franklin v. United States*, 227 F. App'x 856, 859 (11th Cir. 2007) (quoting *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)).

A hearing is unnecessary because it can be determined from the record that Montano's argued grounds for relief are meritless and time-barred.

## III.  CONCLUSION

It is **RECOMMENDED** that Montano's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Civ. Doc. 1) be **DENIED**, and the Clerk be directed to enter judgment against Montano in the civil case and close the case.

**ENTERED** in Tampa, Florida, on February 5, 2021.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

9

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

cc: Jose Fabio Montano